Filed 2/24/22  P. v. Serpa CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B314661 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A093412) |
| v. | |
| ALLAN E. SERPA, | |
| Defendant and Appellant. | |

THE COURT:

Allan E. Serpa (defendant) appeals the trial court's denial of his motion for relief under Penal Code section 1170.95.[1] Defendant's attorney filed a brief raising no issues and asked this

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Having considered defendant's contentions of error and having conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95. We accordingly affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *The underlying crime*

One morning in the summer of 1985, a concerned neighbor checked on Jean Wildish at her apartment in Santa Monica and found Wildish's body in the apartment's bedroom. Wildish was naked from the waist down and was positioned with her knees on the floor and her head on the bed. There was blood all over the floor. An autopsy confirmed that Wildish had died as a result of blunt force trauma to the head.

Defendant and a friend had planned to rob Wildish's apartment, but when she awoke, either defendant or his friend hit Wildish over the head with a hammer.

#### B. *Conviction and appeal*

In April 1987, a jury found defendant guilty of first degree murder based on a felony-murder theory, and found true the special circumstance that Wildish was murdered during the commission of a robbery and burglary. The jury had been instructed on the then governing law—specifically, that the felony-murder special circumstance required the jury to find that defendant "intended to kill a human being or intended to aid another in the killing of a human being." He was sentenced to

life without the possibility of parole, and his conviction was affirmed on appeal.

## II.  Procedural Background

On December 9, 2020, defendant filed a petition seeking resentencing under section 1170.95.  The court appointed counsel for defendant, and the People filed a response to the petition.

The trial court summarily denied defendant's petition on July 23, 2021.  The court reasoned that defendant had previously filed two petitions for writ of habeas corpus arguing that there was insufficient evidence adduced at the trial to show that he was a major participant who acted with indifference to human life as articulated in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), and that the court "concurs with the reasoning" in the orders denying those habeas petitions—namely, that there was sufficient evidence for the jury to have found that defendant "was a major participant in the underlying felony and acted with reckless indifference to human life if not the actual killer."

After the court issued its order, defendant filed a reply brief in support of his petition for resentencing.  Shortly thereafter, he appealed the order.  The trial court then issued a further ruling on September 9, 2021, reaffirming its earlier order.

## DISCUSSION

Defendant's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, indicating that his review of the record revealed no arguable issues to raise on appeal.  Defendant thereafter availed himself of his right to file a supplemental brief.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278.)  Having considered defendant's contentions of error and conducted our own

3

examination of the record, we are satisfied that he is not entitled to relief under section 1170.95.

To qualify for resentencing under that statute, the petitioner must show that he could not be convicted of first or second degree murder under sections 188 or 189 as those statutes were amended by Senate Bill No. 1437 (Senate Bill 1437). (§ 1170.95, subd. (a).)  Contrary to what defendant argues in his supplemental brief, he cannot show that the changes wrought by Senate Bill 1437 would have any effect on his conviction.  That is because, though defendant was convicted under a theory of felony murder, the commission of the crime and his trial occurred during the so-called "*Carlos* window" when California law premised felony-murder liability on a jury's finding of an intent to kill.  (*Carlos v. Superior Court* (1983) 35 Cal.3d 131, 153-154, overruled by *People v. Anderson* (1987) 43 Cal.3d 1104, 1138-1139; see also *People v. Johnson* (1993) 6 Cal.4th 1, 44 ["As to offenses committed after *Carlos* but before *Anderson . . .* due process and ex post facto principles demand that the intent-to-kill requirement apply to any felony-murder special circumstance charged in connection with such offenses."].)  Because the jury was instructed on the then prevailing law, its true finding on the felony-murder special circumstance included the finding that defendant intended to kill the victim and aided and abetted the killing.  Accordingly, defendant could still be convicted of murder today, despite the changes to sections 188 and 189.

Defendant raises two further arguments.

He argues that in denying his resentencing petition, the trial court made an "invalid fact-finding inquiry" before first issuing an order to show cause and holding an evidentiary hearing as required by *People v. Lewis* (2021) 11 Cal.5th 952.

Whether the trial court's record-based analysis to reach a ruling based on *Banks* and *Clark* was wrong does not matter because we review the trial court's ruling, not its rationale. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.) The trial court's ultimate ruling denying relief is still correct because, as explained above, defendant still could be convicted of felony murder after the changes implemented by Senate Bill 1437 because the jury's special circumstance finding conclusively establishes that he personally harbored an intent to kill and aided and abetted the victim's killing.

Defendant lastly argues that there were a variety of defects in the jury instructions regardless of the state of the law during the "*Carlos* window." These contentions go to the validity of his conviction, which was affirmed in his direct appeal, and they accordingly provide no grounds for disturbing the trial court's denial of section 1170.95 relief.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI, P.J.,                    CHAVEZ, J.,                    HOFFSTADT, J.